Bertha R. Peterson, et al. [1] v. commissioner. Peterson v. Commissioner
Docket Nos. 4858-69, 4859-69, 4860-69, 4861-69.
United States Tax Court
T.C. Memo 1972-65; 1972 Tax Ct. Memo LEXIS 190; 31 T.C.M. (CCH) 269; T.C.M. (RIA) 72065; March 13, 1972, Filed. Philip A. Masquelette, 1102 Houston-Citizens Bank Bldg., 1010 Jefferson at Main, Houston, Texas, William C. W. Haynes, and Philip A. Donisi, for the petitioners. Leslie A. Plattner, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $10,120.61 in the estate tax of the Estate of Kathryn Burrow, Deceased. The issue to be resolved is whether petitioners herein are liable as transferees for any deficiency in tax due from the estate. Findings of Fact Some of the facts have been stipulated and, together with the exhibits attached to 270 the stipulation, are incorporated herein *193 by this reference. Petitioners were the brothers and sisters of one Wray Burrow, deceased. At the time of filing their petitions in this case petitioners were located as follows: Margaret Sheffield - Houston, Texas
Donald A. Burrow - Huntsville, Alabama
Harold Burrow - Houston, Texas
Bertha Peterson - Cedar Crest, New Mexico
Wray Burrow died testate on December 24, 1964. At the time of his death he and his surviving spouse, Kathryn Burrow, were domiciled in Texas. All property included in the probate estate was, under the laws of Texas, community property and had the following values: Cash on hand
$ 180.00
Deposit - First National Bank of Nava- sota, Texas
1,411.69
Deposit - Security State Bank, Nava- sota, Texas
655.00
1963 Oldsmobile
1,800.00
Household Furniture & Furnishings
600.00
Two Uncashed Checks of South Texas Prod.association
100.00
125 Shares Preferred Stock in Gulf Coast Federated Feed Assoc. of Par Value of $1.00 Each
125.00
Real Estate, Lots 6 and 7, McNair Addition to City of Navasota, Texas 26,500.00
Total
$31,371.69
T.H. Godfrey Chattel Mortgage Lien Note Balance
$ 750.00
S.R. Litzenberg Note dated May 10, 1963 and payable to the order of Wary Burrow in principal sum of $100,000.00, together with interest at 5 1/2 percent per annum, same secured by vendors lien and deed of trust lien upon 560.233 acres of land in Grimes County, Texas, principal balance
95,000.00
Interest accrued since August 1, 1964 2,099.90
Total
$97,849.90
*194 Under his will dated December 5, 1964, Wary disposed of his property as follows: III It is my will and I hereby give, devise and bequeath unto my beloved wife, Kathryn Burrow, with the rights and authority below given, all of the properties and estate of which I may die seized and possessed, the same to be used, occupied, enjoyed, conveyed and expended by her for and during her lifetime, as she may desire, and that upon her death any of such properties and estate then remaining shall go to and vest in my two brothers, Harold and Donald and my two sisters, Bertha and Margaret, they to take the same share and share alike and in fee simple. In this connection it is my will, and I so direct, that in determining such residue of my said estate, if any there be, the same shall be calculated at a full one-half of all properties on hand at the death of my said wife, after deduction of all indebtedness due by her, or her estate, whether said properties be held in my name, in the name of my estate, or in the name of my said wife, save as to jewelry, china & glassware, same being her separate property. * * * The persons receiving the remainder interest under the above provisions are *195 the petitioners in this case. R. W. Dean qualified and was duly appointed as Independent Executor of the Estate of Wray Burrow. On February 8, 1965, Kathryn Burrow died in Navasota, Texas. Her probate estate consisted of what had been her one - half share of the community property at the time of her husband's death. The other half of the community property, in which she possessed only a life estate, passed to the remaindermen outside of her probate estate. R. W. Dean also qualified and was appointed Independent Executor of Kathryn Burrow's estate. The estate tax return was filed with the district director of internal revenue, Austin, Texas, on July 13, 1966. Following Kathryn's death, R. W. Dean, as executor of Wray Burrow's estate, began to satisfy the remainder interests provided for by Wray's will. In so doing, on August 10, 1966, R. W. Dean distributed to each of petitioners a one-eighth interest in the secured promissory note executed by S. R. Litzenberg in the face amount of $100,000. The note had been executed in May 1963 and had an unpaid balance of $85,000 by the date of distribution. In addition, on August 11, 1966, petitioners each received $6,034.87 from R. W. Dean *196 as a final distribution of the probate estate of Wray Burrow. In computing Kathryn's gross estate for estate tax purposes, the value of the property in which she held a life interest, and which eventually came into the hands of petitioners as remaindermen, was excluded. 271 Respondent, determining that Kathryn possessed a life estate coupled with a general power of appointment, asserts that the property should be included in the taxable estate. The deficiency arising from such an inclusion has been asserted directly against petitioners as transferees of the estate by deficiency notices dated June 27, 1969. In addition to serving as the executor of both estates, R. W. Dean was the residual beneficiary of Kathryn's will. In this capacity he received a one-half interest in the Litzenberg note and as transferee of the estate of Kathryn received a notice of deficiency also dated June 27, 1969. [2]
On May 8, 1970, payment of a portion of the deficiency here in question was made by the estate of R. W. Dean. The $7,502.50 payment reflected $5,060.61 *197 in estate tax plus accrued interest to the date of payment. Furthermore, it has been stipulated that the transferee assessment against R. W. Dean has been fully collected. Opinion The issue for decision is whether petitioners are liable as transferees for estate tax deficiencies due from the estate of Kathryn Burrow. As a result of her husband's death, Kathryn received a life estate in her husband's share of their community property. Coupled with the life estate she also received the power to use, occupy, enjoy, convey and expend the property as she may desire. Upon Kathryn's death the property was to, and did, pass to petitioners herein as remaindermen. It is well settled that unbridled powers of the nature held by Kathryn constitute a general power of appointment. Phinney v. Kay, 275 F. 2d 776 (C.A. 5, 1960); Jenkins v. United States, 428 F. 2d 538 (C.A. 5, 1970). The existence of a power of appointment triggers operation of section 2041[3] and causes property passing upon the failure to exercise the power to be included in the holder's gross estate.
*198 We think it patently clear that at Kathryn's death she held a life estate in the property in question coupled with an unexercised power of appointment. Petitioners next assert that what Kathryn received was more in the nature of a loan than a life estate coupled with a power of appointment. The argument is wholly unsupported by the record. Petitioners' reliance on the provision in Wary Burrow's will requiring a distribution to the remaindermen of one half of all community property held by Kathryn at her death is misplaced. True, had she expended her husband's half of the community property during her life estate, a portion of her share would pass to the remaindermen on her death. This, however, in no way vitiates the existence of her powers over his half of the community. It is equally as likely that during her lifetime Kathryn may have exhausted the entire community in which case no obligation whatsoever would exist on her death. In other words, that she agreed to pass one half of all remaining community assets to the remaindermen upon her death does not cause her powers over her husband's one half of the community property to be any less of a power of appointment. We therefore *199 conclude that the assets subject to the power were erroneously excluded from the gross estate and that the deficiency asserted by respondent is proper. We now reach the primary question herein regarding the transferee liability of petitioners for the estate's tax deficiency. With respect to estate taxes, the substantive liability of transferees is grounded in section 6324. [4] When transferee liability is generated by section 6324, the tax is assessed and collected according to the procedural guidelines of section 6901. This 272 section provides generally for a one year extension of the statute of limitations in the case of transferees and includes within the definition of transferees any person personally liable under section 6324. See section 6901(c) and (h). *200 If a person is personally liable within the meaning of section 6324 and is timely served a notice of deficiency, he is obliged to satisfy the deficiency within the statutory limitations. Liability under section 6324 hinges on two elements. First, the estate tax imposed by chapter 11 must not be paid when due. This situation obviously exists in the present case. Having erroneously excluded the property in question from the gross estate, the taxes due thereon were not paid when the estate taxes were due. Secondly, the person in question must be one described in section 6324(a)(2) as holding property includable in decedent's gross estate under sections 2034 to 2042, inclusive. We think each of petitioners is a "person in possession of the property by reason of the * * * nonexercise * * * of a power of appointment." Consequently, as held previously, petitioners are in possession of property includable in the decedent's gross estate under section 2041. Both elements satisfied, it therefore follows that each of the petitioners is personally liable for the estate taxes owed by the estate of *201 Kathryn Burrow. Finally, we need only decide whether the deficiency notices were timely filed and properly served on petitioners. Kathryn Burrow's estate tax return was filed on July 13, 1966. Deficiency notices were issued to petitioners on June 27, 1969, well within the three year statute of limitations provided by section 6501(a). [5]
Petitioners dispute the propriety of the notices of deficiency on two grounds. Both are untenable. They first argue that attached to the estate tax return was a request for prompt assessment within the meaning of section 6501(d). [6] Under that provision, *202 after a written request for prompt assessment has been made, the statute of limitations is reduced to 18 months. Thus, in the case before us the statutory period, even considering the one year extension for transferees granted by section 6901(c), would have elapsed. In so arguing, however, petitioners ignore the clear and unambiguous parenthetical language of the statute. Section 6501(d) provides that "in the case of any tax (other than the tax imposed by chapter 11 of subtitle B, relating to estate taxes)" [emphasis added] the period of limitations may be accelerated. The tax in question is imposed by chapter 11 and falls precisely within the statutory exclusion. It therefore follows that even if the alleged request for prompt assessment were in proper form [7] the accelerated statutory period is unavailable because of the nature of the tax and the express language of the statute. *203 Petitioners next contend that respondent must first serve a notice of deficiency on the estate of Kathryn Burrow before seeking collection of the tax from them as transferees. This too is a futile pursuit. We think the principles set forth in the case of Schuster v. Commissioner, 312 F. 2d 311 (C.A. 9, 1962), affirming 32 T.C. 998 (1959), 273 apply to the case at hand. In that case the petitioners were a bank and the decedent's wife. The former was the trustee of a trust whose corpus was found to be includable in the decedent's estate and the latter was a surviving tenant of jointly held property also includable in the estate. Both taxpayers received notices of deficiency within the four year period of limitations, [8] but argued that the government's failure to assert a timely deficiency against the estate precluded any action against them. In answer to this contention the Court said: We conclude that the transferee's liability for estate tax deficiencies, under federal law, is essentially a primary, not a secondary, obligation. Section 827(b) specifically *204 imposes some limitations on the liability of such a transferee, for it requires that a deficiency be due from the estate, and that his liability therefor is limited to the value of the estate corpus which he received. But no other limitations were imposed, and there is nothing to suggest that others were intended. Therefore, it seems axiomatic that the transferee's liability for an estate tax deficiency is not conditioned on the Commissioner's remedies against the estate, except as the statute provides otherwise, and is in the nature of a direct and primary obligation independent of the obligation of the estate. * * * * * * We conclude that the petitioners are not absolved from liability because of the Commissioner's failure to take timely action against the estate * * * The principles in Schuster apply with equal force under the present circumstances. While the taxpayers in Schuster were a trustee and a surviving tenant, extension of the case to cover the situation where the taxpayer is liable *205 under a different provision of the same section of the statute is demanded by both consistency and logic. The obligation arising under section 6324 due to the existence and nonexercise of a power of appointment is of the same nature and character as that arising on account of jointly held property or property held in trust and must be treated accordingly. Also in vain are petitioners' arguments that the solvency of the estate precludes their being held liable for the tax and that to hold them liable would be a deprivation of constitutional due process. Both of these arguments were raised and rejected in Schuster, and we likewise reject them here. Petitioners lastly contend that they should not be held liable for the deficiency in question since it has been satisfied. Reliance on this contention is placed on the payment by R. W. Dean, as transferee of Kathryn's estate, of $5,060.61 of the deficiency plus interest and the Commissioner's acknowledgment of the satisfaction of R. W. Dean's liability. Petitioners' reliance, however, is again misplaced. First, respondent's acknowledgment to R. W. Dean that his liability is discharged in no way indicates full satisfaction of the deficiency *206 nor does it in any way release petitioners. So long as the possibility of filing for a refund exists petitioners cannot be exonerated from liability. See Stewart C. Holmes, 47 T.C. 622 (1967). Respondent readily conceding his right to collect the tax due only once and, barring a claim for refund by R. W. Dean, will take his partial payment into account in computing the amount of petitioners' ultimate liability. That in no way, however, limits their potential liability which is governed only by the terms of the statute. Decisions will be entered for the respondent. Footnotes
1. The cases of the following petitioners are consolidated herein: Donald A. Burrow, Docket No. 4859-69; Harold Burrow, Docket No. 4860-69; and Margaret Sheffield, Docket No. 4861-69.↩
2. R. W. Dean died on July 5, 1967, and therefore the actual recipient of the notice of deficiency was the executor of his estate.↩
3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954. SEC. 2041. POWERS OF APPOINTMENT. (a) In General. - The value of the gross estate shall include the value of all property - * * * (2) Powers created after October 21, 1942. - To the extent of any property with respect to which the decedent has at the time of his death a general power of appointment created after October 21, 1942 * * * * * * (b) Definitions. - For purposes of subsection (a) - (1) General Power of Appointment. - The term "general power of appointment" means a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate * * *↩
4. SEC. 6324. SPECIAL LIENS FOR ESTATE AND GIFT TAXES. (a) Liens for Estate Tax. - Except as otherwise provided in subsection (c) - * * * (2) Liability of Transferees and Others. If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee, trustee (except the trustee of an employees' trust which meets the requirements of section 401(a)), surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. * * *↩
5. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule. - Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * Under sec. 6901 (c) the time for serving transferees is extended for a year. We only note this since an extension is unnecessary where the notice is received within the general statutory period.↩
6. (d) Request for Prompt Assessment. - Except as otherwise provided in subsection (c), (e), or (f), in the case of any tax (other than the tax imposed by chapter 11 of subtitle B, relating to estate taxes) for which return is required in the case of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within 18 months after written request therefor (filed after the return is made and filed in such manner and such form as may be prescribed by regulations of the Secretary or his delegate) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of 3 years after the return was filed. * * * ↩
7. Respondent raises several cogent questions as to the form of the alleged request. In light of our disposition of the issue we need not decide this point.↩
8. It should be noted that the four-year statute of limitations is reached by taking into account the additional year provided by section 6901 in the case of transferee liability.↩